# GERSTMAN GSM SCHWARTZ MALITO LLP

March 24, 2017

**BY ECF**

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Greengus v. Long Beach City School District, et al.
               Case No.: 16-CV-01955 (SJF) (AYS)
               Weitzman v. Long Beach City School District, et al.
               Case No.: 16-CV-03544 (SJF) (AYS)

Dear Judge Feuerstein:

This office represents the Greengus family in the first of the above-referenced related actions and we write to object to the application of Defendant Long Beach City School District (the "District") for an indefinite stay of discovery pending the resolution Defendant Lisa Weitzman's ("Weitzman") Education Law Section 3020-a hearing.

The District insists that a stay pending the completion and resolution of the hearing would be in the interest of judicial economy in managing discovery and, secondly, would preclude impingement upon Weitzman's privacy interests. These arguments are as unfounded as they are unrealistic.

The District's professed interests in judicial economy, at this point, are purely cosmetic entreaties to prolong and delay discovery on the heels of being confronted with federal claims from four other families arising from the abuses suffered by their children at the hands of Lisa Weitzman and her callous cohorts. One has only to look at the procedural history of the Greengus matter to date to realize that judicial economy means little, if anything, to the District.

The Greengus family filed their federal complaint on April 21, 2016, nearly four years after the abuse of their non-communicative child began – abuse of which the District was fully aware and deliberately concealed until an anonymous whistleblower unveiled the conspiracy to conceal these acts in October 2015. Following the filing of the Greengus complaint, an initial conference was held before Your Honor on September 22, 2016. Mr. Silverman, counsel for the District, and counsel for defendant Weitzman, appeared at that conference. At the time of the initial conference, Weitzman's 3020-a hearing had been pending for *over six months* – a hearing with which Mr. Silverman was, and remains, intimately familiar.



1399 Franklin Avenue, Suite 200 • Garden City, N.Y. 11530
P: 516.880.8170   F: 516.880.8171

www.gerstmanschwartz.com • www.gothamgr.com

2 Wall Street, Suite 302 • New York, NY 10005
P: 212.227.7070

NEW YORK CITY • LONG ISLAND • ALBANY • WASHINGTON, D.C.

Many critical issues were raised at the initial conference on September 22, 2016, chief among which were the selection of prospective dates for the completion of discovery, and the scheduling of a pre-trial conference in the Greengus and related Weitzman cases. Not once throughout the duration of that conference did Mr. Silverman or counsel for defendant Weitzman raise any concern with respect to the pending 3020-a hearing and its alleged impact upon the scope of discovery. Not once did Mr. Silverman contend that the ongoing hearing would hamper the District's ability to comply with their discovery obligations in any way. Not once was it suggested, by either attorney, that privacy considerations would preclude the identification, procurement, or production of relevant litigation documents once discovery commenced. As to this latter point, of course, no attorney could assert such a privacy concern with a straight face – Lisa Weitzman, as all counsel are surely aware, boldly elected to have her 3020-a hearing, as is her unhampered right, designated as *public*. And it has been thoroughly public ever since, with every hearing to date being open to reporters, investigators, and any other interested individuals.

Subsequently, on December 2, 2016, Mr. Silverman wrote to Magistrate Judge Shields to request a date certain for the scheduling of a discovery status conference. Judge Shields promptly scheduled a status conference for December 8, 2016. At that conference, Mr. Silverman presented a proposed confidentiality order, which was executed by all parties. Mr. Silverman conferred with counsel, the undersigned included, and also signed a scheduling order for discovery. ECF Docket No.: 38. Not once did Mr. Silverman raise the issue, either with Judge Shields or with counsel, that the pending 3020-a hearing would in any way undermine the District's ability to comply with its discovery obligations.

Naturally, the parties undertook to comply with the scheduling order. In the ensuing two months initial disclosures were exchanged among the parties; document demands and interrogatories were served. The undersigned supplied responses and documents responsive to the demands of both the District and the individual defendants. On March 1, 2017, on the eve of the District's deadline to provide responsive documents and answers to Plaintiffs' interrogatories, Mr. Silverman contacted the undersigned to request an extension of time to gather responsive documents and to have the District's answers to the interrogatories verified. Mr. Silverman insisted that he would work to provide relevant documents and responses on or before March 31, 2017. Having no reason to doubt Mr. Silverman's representations or candor, the undersigned agreed to grant the professional courtesy of an extension with the understanding that discovery would proceed thereafter in accordance with the scheduling order.

At no point during his request for an extension did Mr. Silverman intimate that the pending 3020-a hearing would necessitate an indefinite stay of discovery. Mr. Silverman expressed some concern about the production of some 3020-a hearing transcripts, but merely went on to assure the undersigned that the matter would be further investigated by his office while the remaining materials requested by plaintiffs were being gathered. Unexpectedly, Mr. Silverman next contacted the undersigned on March 23, 2017 to request plaintiffs' consent to a stay of all discovery. In connection with this request, Mr. Silverman clarified that our office would not be supplied with the very documents and interrogatory responses which he promised would be produced just three weeks earlier.

2

And, here we are – one year later, two conferences in, with a duly executed and so-ordered discovery schedule, a discovery deadline, a confidentiality order, exchanged initial disclosures, and with the District having conveniently secured an extension of time to their benefit only to abruptly request an indefinite dead-stop to all progress in this case on the basis of a never ending public hearing that everybody knew about since March 2016. And, lest the issue of stays be viewed as a heretofore unaddressed anomaly in the procedural posture of this case, and therefore deserving of special consideration, it should be noted that counsel for defendant Weitzman *twice* attempted to secure an indefinite stay of discovery by way of letter motion in this case, once on January 19, 2017, and again on January 25, 2017. Neither request cited any concern, not even incidentally, with privacy or the pending 3020-a hearing. One would have imagined that these two failed applications, decided and denied by Your Honor two months ago, would have provided a perfect opportunity for the District to raise its own concerns for a stay of discovery. Well, as the saying often goes, one can imagine anything they want – reality is quite a different picture. This reality of delay and unnecessary prolongation is, apparently, the District's understanding of judicial "economy."

And, while the subject of imagination is at hand, the reality is that Weitzman's 3020-a hearing is public, no matter how much the District would like to portray it as a shuttered, confidential proceeding. The public designation was Weitzman's choice. She was not compelled to do so. She chose to do so. Ms. Wabnik, Weitzman's privately retained attorney, has repeatedly made it clear to the world and reporters time and time again that the 3020-a hearing is open to the public precisely because Weitzman "has nothing to hide."[1]

The District, despite the undersigned's request for controlling precedent or guidance, has failed to provide a single shred of authority for the contention that the pendency of a widely public and publicized 3020-a hearing somehow justifies an indefinite stay of discovery to protect the unidentified privacy concerns of the very party who insisted, upon the advice of her Super Lawyer rated attorney, to have the hearing public in the first place. There is absolutely no risk of any privacy intrusion here, none whatsoever. There is no risk of any adverse impact upon the hearing and the District, tellingly, has identified no such risk. Perhaps it is best, indeed, if we are left solely to imagine exactly what privacy interests will be obliterated and how, at that, by complying with discovery obligations in a concurrent federal case with an operative confidentiality order. If the District is truly concerned about privacy, this Court should politely refer it to paragraphs four through nine of the very confidentiality order it drafted, signed, and presented for filing.

The reality is that the District's concerns have nothing to do with judicial economy or privacy. Invoking these justifications in the context of this case is as absurd as it is fantastical. There is simply no need for the delay. The only circumstance that has changed is that other families have come forward to confront the District in federal court. The only interests preserved by evading discovery indefinitely are those of the District in avoiding multi-million dollar liabilities.

---

[1]. "Special Ed Teacher Allegedly Made Student Masturbate In Class"
http://www.huffingtonpost.com/entry/special-ed-teacher-allegedly-made-student-masturbate-in-class_us_5707d732e4b04bf520ff4d42

3

Make no mistake about it, a stay would only serve the interests of the District and prejudice everybody else – the families, the children and, given her own claims of retaliation, even Weitzman, the one party whose views and choices on this front the District apparently assumes don't matter; the one party at the heart of this entire application, whose alleged privacy interest are at stake; the one party that has declared her innocence and begged for the chance to prove it in a public hearing; the one party that *hasn't* asked for a stay.

Let there be no doubt about it – the District is buying itself time and, as the procedural history of this case makes clear, does not care what it has to say or do to achieve that goal. With every day, week, and month the recollections fade, the witnesses become harder to track, the public loses interest, and the District sits back and regroups.

Every sentence of this application for a stay rings absolutely hollow. Weitzman, for one, may insist she has nothing to hide. Perhaps we need to start considering the reality that the District does.

Respectfully, the request for a stay must be denied.

Thank you for Your Honor's consideration.

Respectfully submitted,

Stanislav Sharovskiy, Esq.

cc:

**TO ALL PARTIES BY ECF**